IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| UNITED STATES OF AMERICA, | CR. NO. 17-00582 JMS/RLP |
|---|---|
| Plaintiff, | ORDER AFFIRMING MAGISTRATE JUDGE ORDER DENYING DEFENDANT GORDON SHIRAISHI'S MOTION FOR BILL OF PARTICULARS, ECF NO. 256 |
| vs. | |
| GORDON SHIRAISHI, (05) | |
| Defendant. | |

**ORDER AFFIRMING MAGISTRATE JUDGE ORDER DENYING DEFENDANT GORDON SHIRAISHI'S MOTION FOR BILL OF PARTICULARS, ECF NO. 256**

**I. INTRODUCTION**

On June 14, 2018, Magistrate Judge Richard L. Puglisi entered an Order denying Defendant Gordon Shiraishi's ("Defendant") Motion for a Bill of Particulars ("June 14 Order"). ECF No. 256. On June 28, 2018, Defendant filed an appeal to this court. ECF No. 258.

For the reasons discussed below, the court AFFIRMS the June 14 Order.

**II. STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1)(A), Federal Rule of Criminal Procedure 59(a), and Criminal Local Rule 57.3(b), a district judge may set aside a magistrate judge's nondispositive order, including a motion for a bill of particulars, if it is

"clearly erroneous or contrary to law." *United States v. Tirado*, 2018 WL 1806056, at *1 (E.D. Wis. Apr. 16, 2018); *United States v. Orrock*, 2017 WL 6421328, at *1 (D. Nev. Dec. 14, 2017); *United States v. Hee*, 2015 WL 3440047, at *1 (D. Haw. May 28, 2015).

The threshold of the "clearly erroneous" test is high and significantly deferential. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948); *United States v. Mercado-Moreno*, 869 F.3d 942, 959 (9th Cir. 2017).

### III. **BACKGROUND**

On April 17, 2018, Defendant filed his Motion for Bill of Particulars, seeking: (1) the identity of all alleged co-conspirators as to count 1; and (2) the overt acts committed by Defendant, along with the date that he entered the conspiracy, as to counts 1, 6, and 8.[1] ECF No. 204. The United States filed an opposition on April 30, 2018, ECF No. 222, and a hearing was held on June 13, 2018. ECF No. 255. The June 14 Order denied the motion, finding that

---

[1] Although Defendant initially also sought a bill of particulars as to counts 5 and 7, those counts were dismissed on June 4, 2018. EFC No. 252.

Defendant has been adequately advised of the charges against him, and that the United States has provided full discovery. June 14 Order at 2.

Defendant filed a timely appeal to this court, and the United States filed a reply on July 9, 2018. ECF Nos. 258, 261.[2] Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

## IV. **DISCUSSION**

**A.** **Legal Standard**

Federal Rule of Criminal Procedure 7(f) provides for a bill of particulars:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

A bill of particulars serves three purposes: (1) to inform the defendant of the nature of the charges against him with sufficient precision to enable him to prepare for trial; (2) to avoid or minimize the danger of surprise at the time of trial; and (3) to protect against double jeopardy. *United States v. Ayers*, 924 F.2d 1468,

---

[2] In addition to reviewing the briefing, the court also listened to the audio recording of the hearing before Magistrate Judge Richard L. Puglisi on June 13, 2018. ECF No. 255.

3

1483 (9th Cir. 1991). "A defendant is not entitled to know all the evidence the government intends to produce but only the theory of the government's case." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986). A bill of particulars is not warranted to obtain the names of unknown co-conspirators, the exact nature of overt acts, or the precise timing of the alleged conspiracy. *United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir.), amended, 777 F.2d 543 (9th Cir. 1985). The government may add clarity to the allegations through discovery, and full discovery "obviates the need for a bill of particulars." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979).

**B.     Analysis**

The June 14 Order was not clearly erroneous. First, defendant seeks the very sort of information (names of co-conspirators, date that he joined the conspiracy, and a list of overt acts) which is not generally subject to a bill of particulars. *DiCesare*, 765 F.2d at 897 ("DiCesare and Flannery requested a bill for three reasons: (1) to obtain the names of any unknown coconspirators; (2) to determine the exact date on which the conspiracy allegedly began; and (3) to delineate all other overt acts that comprised the charged activity. These reasons, however, do not warrant a bill of particulars."). Second, the First Superseding Indictment makes clear the theory of all the counts against Defendant, including

4

the two Pinkerton counts (counts 6 and 8). And finally, counsel for the United States has represented that all known discovery has been provided in full.

It appears to the court that Defendant is simply seeking more discovery, or perhaps arguing that there is insufficient evidence to convict. Neither, however, is a valid basis to grant a bill of particulars. Defendant has all the information that he needs to enable him to prepare for trial, to avoid or minimize the danger of surprise at trial, and to protect against double jeopardy.

## V. **CONCLUSION**

Based on the foregoing, the court AFFIRMS the June 14, 2018 Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 10, 2018.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United State v. Shiraishi*, Cr. No. 17-00582 JMS, Order Affirming Magistrate Judge Order Denying Defendant Gordon Shiraishi's Motion for Bill of Particulars, ECF NO. 256